UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

KAI RIVERS,

        Defendant.
_____/

Case No. 19-20492
Hon. Mark A. Goldsmith

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR BOND (Dkt. 307)**

Defendant Kai Rivers is charged with conspiracy to commit Hobbs Act robbery for his role in a series of "smash and grab" robberies at jewelry stores across the United States. 3d Superseding Indictment (Dkt. 251). Following a detention hearing, Magistrate Judge David Grand ordered Rivers detained pending trial. Order of Detention (Dkt. 26). Rivers moved to revoke the detention order (Dkt. 28). After holding a hearing, the Court denied Rivers's motion. 8/28/19 Op. (Dkt. 42).[1] This matter is now before the Court on Rivers's motion for bond (Dkt. 307). The Government opposes the motion (Dkt. 319). For the reasons that follow, the Court denies Rivers's motion for bond.

A district court has discretion—but is not required—to reopen a detention hearing if (i) new information exists that was unknown to the movant at the time of the hearing, and (ii) the new information has a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the

---

[1] The relevant factual history is set forth in the Court's August 28, 2019 opinion and order. 8/28/19 Op. at 1–2.

community. 18 U.S.C. § 3142(f)(2)(B); United States v. Watson, 475 F. App'x 598, 600 (6th Cir. 2012). Thus, a district court cannot reopen a detention hearing unless the new information is of a nature that would increase the likelihood that the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community. Watson, 475 F. App'x at 600. Rivers argues that the Court should reopen his detention hearing due to (i) his "time in [pretrial] detention" and (ii) the Court's recent decision to release Rivers's codefendant, Deshawn Bates. Mot. at 5. Neither asserted reason justifies reopening Rivers's detention hearing.

The Court first considers Rivers's argument that his time in pretrial detention is "notable" because "[p]retrial detention can render an individual a more sober-minded individual, who will reasonably be able to comply with conditions of release." Id. (punctuation modified). Rivers offers neither an explanation (other than the mere passage of time) nor any evidence to show that he is now actually a "more sober-minded individual." Further, the mere length of time that a defendant has spent in pretrial detention is not a basis for reopening a detention hearing. United States v. Hofstetter, No. 3:15-CR-27-TAV-CCS, 2017 WL 4079181, at *3 (E.D. Tenn. Sept. 14, 2017); see also United States v. Hare, 873 F.2d 796, 799 (5th Cir. 1989). Thus, Rivers's first argument does not supply a basis for reopening his detention hearing.

The Court next addresses Rivers's argument regarding his co-defendant's release. Rivers appears to contend that his detention hearing should be reopened because, unlike Bates, Rivers is not alleged to have personally gone into any of the jewelry stores that were robbed and, therefore, he is comparatively less dangerous. Mot. at 5. Rivers also mentions that there is only evidence of his presence at three robberies. Id. at 2–3. However, Rivers's alleged level of involvement in the conspiracy is not "new" information because it was not "unknown" at the time of the hearing on Rivers's motion to revoke the detention order. 18 U.S.C. § 3142(f)(2)(B). This is evinced by the

Court's acknowledgements in its opinion denying Rivers's motion to revoke the detention order that (i) Rivers is not alleged to have performed the robberies himself but rather is alleged to have recruited conspirators, supervised the robberies, and driven the stolen jewelry back to Michigan and (ii) evidence connects Rivers to three robberies.  8/28/19 Op. at 2.  As a result, Rivers's second argument does not satisfy the requirements for reopening his detention hearing.

For these reasons, the Court denies Rivers's motion for bond (Dkt. 307).

SO ORDERED.

Dated:  November 10, 2021              s/Mark A. Goldsmith
          Detroit, Michigan                       MARK A. GOLDSMITH
                                                  United States District Judge